IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILLY S. WALKUP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:13-cv-0150-O |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tyson Foods, Inc.'s Motion for Summary Judgment, filed August 4, 2014 (ECF No. 22). Defendant Tyson Foods, Inc. ("Tyson") seeks summary dismissal of Plaintiff's negligence claims based on an Acceptance and Waiver that Plaintiff, Billy S. Walkup ("Walkup"), signed on November 17, 2011. The effect of the Acceptance and Waiver is to bar Walkup's tort claims in exchange for the benefits of Tyson's Workplace Injury Settlement Program ("WISP"). The issue presented is whether the Acceptance and Waiver meets the requirements of the Texas Labor Code. Having considered the motion, response, reply, appendices and applicable law, and for the reasons that follow, the Court finds that Walkup has failed to raise a genuine issue of material fact on this issue, and therefore grants Tyson's motion for summary judgment.

## I.     Background Facts

The following facts are undisputed. On October 17, 2011, Plaintiff Walkup was hired by Tyson at its processing plant in Vernon, Texas, and was assigned to the Sanitation Department. Pl. Resp. App. at 3; Def. SJ App. at 38. On or about November 1, 2011, Walkup was injured during the

1

course of his employment when he slipped and fell while walking down wet stairs. Pl. Resp. App. at 3; Def. SJ App. at 38. Walkup immediately reported the incident and was sent for medical evaluation. Pl. Resp. App. at 3. After undergoing medical treatment, Walkup was placed on restricted work duty by his treating physician, Dr. Daniel Bolin. Def. App. at 37. Thereafter, Tyson provided Walkup work within his restrictions and continued to pay Walkup his normal pre-injury hourly rate of pay. *Id.*

Tyson is a non-subscribing employer under the Texas Workers' Compensation Act, and instead offers its employees the opportunity to participate in Tyson's WISP Program. Def. SJ App. at 5-33. When Walkup was hired, he was notified in writing that Tyson did not have Worker's Compensation Insurance coverage to protect him from damages due to work-related injuries, but instead had a WISP Program. *Id.* at 38. Walkup acknowledged receipt of this notice, as evidenced by his signature. *Id.* Under Tyson's plan, basic benefits for medical treatment and temporary payments for lost wages cease the latter of ten business days after the initial report of injury or the date the employee receives a medical evaluation by a non-emergency care designated provider. *Id.* at 15-16. At that juncture, an employee must elect to become a participant in the WISP Program in order to be eligible for comprehensive benefits, which includes payment for medical expenses, impairment, and extended wages. *Id.* As part of the election, the employee must sign and agree to the terms of the Acceptance and Waiver. *Id.* at 16. Pursuant to the Acceptance and Waiver, an employee who accepts comprehensive benefits, in consideration thereof, waives the right to assert any and all personal injury claims and causes of action against the employer. *Id.* at 31-32.

After his injury on November 1, 2011, Walkup immediately began receiving basic benefits from Tyson. Def. SJ App. at 3. On November 17, 2011, Walkup was presented with the Acceptance

2

and Waiver, which he reviewed and signed. Pl. App. at 3, 13-14. When he inquired about the consequences of failure to sign the waiver, Tyson employee Kim Rodriguez told him that if he did not sign the form he would no longer receive medical treatment through Tyson and would be expected to return to work at full duty within forty-five to sixty days. *Id.*

Walkup remained working at Tyson on restricted duty until March 31, 2012, when he was terminated for failure to comply with Tyson attendance policies. Def. SJ App. at 37. Walkup's termination had no impact on his receipt of WISP benefits, and Tyson continued to provide him with WISP benefits until the termination of benefits took place approximately fifteen months later. *Id.* In total, Walkup received $40,997.29 in WISP benefits. *Id.* at 4. At all times, Walkup accepted the benefits under WISP and never refused or declined to accept any benefit. *Id.*

## II.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

3

*Celotex*, 477 U.S. at 323–24.  To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and draw all reasonable inferences in favor of the non-movant.  *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988).  The court cannot make a credibility determination in light of conflicting evidence or competing inferences.  *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## III.    Analysis

In support of its motion for summary judgment, Tyson contends that by signing the Acceptance and Waiver and subsequently accepting comprehensive benefits under WISP, Walkup waived any cause of action to recover damages against Tyson for personal injuries sustained in the course and scope of his employment.  In response, Walkup argues there is a fact issue regarding

4

whether he signed the Acceptance and Waiver voluntarily and with knowledge of its terms and consequences. The motion is ripe for determination. Prior to addressing the parties' arguments, the Court will set forth the applicable law.

### A. Waiver

Waiver is an affirmative defense and the party alleging waiver has the burden of proof. *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748 (5th Cir. 2009) (citing *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, no pet.)). While Tyson bears the ultimate burden of proof on this issue, the burden of production shifts to Walkup if Tyson makes a prima facie showing that there is no genuine dispute as to the facts underpinning the defense. *See Hernandez v. Lasko Products*, 2012 WL 4757898, at *2 (N.D. Tex. Oct. 5, 2012) (Lynn, J.) (setting forth the shifting summary judgment burdens for the affirmative defense of waiver).

A waiver purporting to release an employer from liability for an accident sustained by an employee on the job must comply with the requirements set forth in Texas Labor Code §§ 406.033(f) and (g). Subsection (f) provides that an employee can waive such causes of action if:

(1) the employee voluntarily enters into the waiver with knowledge of the waiver's effect;

(2) the waiver is entered into not earlier than the 10th business day after the date of the initial report of injury;

(3) the employee, before signing the waiver, has received a medical evaluation from a non[-]emergency care doctor; and

(4) the waiver is in a writing under which the true intent of the parties is specifically stated in the document.

Tex. Lab. Code § 406.033(f). Further, "[t]he waiver provisions under Subsection (f) must be conspicuous and appear on the face of the agreement." Tex. Lab. Code § 406.033(g).

## B.    Discussion

In the case at hand, the undisputed summary judgment evidence supports that Walkup signed the Acceptance and Waiver, that the waiver was not entered into less than ten days after the injury was reported, that the waiver was entered into after he received a medical evaluation from a non-emergency care provider, and that his negligence and gross negligence claims are within the subject matter of the released claims. Walkup argues, however, that there is a fact issue under Texas Labor Code § 406.033(f)(1) regarding whether he voluntarily entered into the Acceptance and Waiver with knowledge of the effect of signing it. The Court now turns to the record to determine whether a fact issue has been raised.

### 1.    Walkup's Actual Knowledge of the Terms of the Release Agreement

Under current case law, "[a]n employee who signs a waiver has presumptive knowledge of its contents and effect under Texas Labor Code § 406.033(f)(1)." *Hernandez*, 2012 WL 4757898, at *3 (citing *Lopez v. Garbage Man, Inc.*, 2011 WL 1259253, at *8 (Tex. App. — Tyler 2011, no pet.)).[1] In *Lopez*, the Tyler Court of Appeals specifically addressed the "knowledge of its effect" requirement in § 406.033(f)(1), and applied the presumption that a person who signs a contract "is presumed as a matter of law to have read and understood the contract unless he was prevented from

---

[1]*But see Blackshire v. Tyson Foods, Inc.*, 2010 WL 3257371, at *12 (E.D. Tex. 2010) (noting that no Texas court then had addressed the scope of the language of § 406.033(f)(1), and finding statute supersedes the common law presumption.) This Court agrees with Judge Lynn in *Hernandez v. Lasko Products*, 2012 WL 4757898, at *3 n.2 (N.D. Tex. Oct. 5, 2012) that the Tyler Court of Appeals decision in *Lopez*, which the *Blackshire* court did not have available to it, is how the Texas Supreme Court would resolve this issue.

6

doing so by trick or artifice." *Lopez*, 2011 WL 1259253, at *8; *see also Gunn v. Baptist/St. Anthony's Health Network*, 405 S.W.3d 239, 243 (Tex. App.—Amarillo 2013, no pet.) (applying *Lopez* standard).

As correctly argued by Tyson, Walkup relies on case law preceding *Lopez* and *Gunn*, which the Court declines to follow given these intervening cases. The undisputed summary judgment evidence shows that Walkup signed the waiver and there is no evidence of artifice or trickery. Thus, based on the summary judgment evidence, the Court finds, as a matter of undisputed fact, that when Walkup signed the Acceptance and Waiver, he understood its contents and consequences. *See Lopez*, 2011 WL 1259253 at *8; *Gunn*, 405 S.W.3d at 243.

### 2.    Duress

Walkup next argues there is a material fact issue regarding whether he signed the Acceptance and Waiver under duress, and not voluntarily, as required under Texas Labor Code § 406.033(f)(1). In support, Walkup points to his deposition testimony, where he testified that he was told he would be denied medical care if he failed to sign the waiver. Pl. App. at 13-14. He also points to his affidavit filed in support of his response brief, where he testified he was also told that failure to sign the waiver would result in his return to full job duties in forty-five to sixty days, which he understood to be an implied threat of termination. *Id.* at 3.

In its reply brief, Tyson argues that the affidavit Walkup submitted in connection with his response brief is a "sham" and should be disregarded by the Court in ruling on the summary judgment motion. Tyson further argues that even were the Court to consider the affidavit, Walkup

"has not provided sufficient evidence of duress and Walkup has not even alleged sufficient facts to support his claim of duress."  Reply at 7.  The Court addresses Tyson's arguments in turn.

*a.*        *Tyson's Objections to Walkup Affidavit*

In this Circuit, it is well-settled that "a nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony."  *Albertson v. TJ Stevenson Co.*, 749 F.2d 223, 228 (5th Cir. 1984).  "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting the affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."  *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) (citation omitted).

Upon examining Walkup's deposition testimony and his affidavit submitted with his response brief, the Court finds that the affidavit does not directly contradict any material statements in the deposition.  At his deposition, Walkup testified that when he was presented with the Acceptance and Waiver, he was told that a consequence of failure to sign was not receiving further medical treatment from Tyson.  Pl. Resp. App. at 13-14.  In his affidavit submitted with his response to the motion for summary judgment, he added that he was also told that he would be required to return to work at full duty within forty-five to sixty days.  *Id.* at 3.

These two statements are not inconsistent with each other.  The Court is not assessing Walkup's credibility but instead deciding whether he has explained his failure to disclose this additional statement that failure to sign the waiver would result in returning to full duty in forty-five to sixty days.  The Court finds adequate explanation in the text of the deposition itself.  Specifically,

8

Walkup was not asked by counsel if he had disclosed at his deposition *every* comment made in response to his question about the effect of the waiver.  Juxtaposing the affidavit and the deposition testimony, the Court finds that the affidavit merely adds information.   While a jury may find Walkup's testimony regarding the additional consequences of failure to sign the waiver to be fabricated — considering his failure to elaborate at his deposition — the Court cannot conclude that his affidavit testimony and deposition are unexplained contradictory testimony such that his affidavit must be disregarded.

Accordingly, the Court concludes that Walkup's declaration does not qualify as a "sham" and will consider it in ruling on the motion for summary judgment.   *See Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 776 (W.D. Tex. 2013) ("[T]he sham affidavit rule is applied sparingly and may be invoked only when there is some inherent inconsistency between an affidavit and a deposition.") (internal quotation marks and citation omitted).   Tyson's objection is therefore **overruled**.

### b.      *Walkup's Duress Argument*

"Duress is an affirmative defense in confession and avoidance of the affirmative defense of release."  *Lopez*, 2011 WL 1259253 at *8 (citation omitted).   "Economic duress occurs when one party to a transaction takes 'undue or unjust advantage' of the other party's 'economic necessity or distress' in order to coerce the other party into making an agreement."  *DT Apartment Group, LP v. CWCapital, LLC*, 2013 WL 2317061, at 3 (N.D. Tex. May 28, 2103) (Fitzwater, CJ) (quoting *King v. Bishop*, 879 S.W.2d 222, 224 (Tex. App. — Houston [14th Dist.] 1994, no writ)).  The elements of an economic duress claim under Texas law are:

> (1) a threat to do something a party has no legal right to do; (2) a threat of such nature it destroys the other party's free agency; (3) a threat that overcomes the other party's free will and causes it to do what it otherwise would not have done and that it was not legally bound to do; (4) imminent restraint; and (5) no means of protection.

*In re Frank Motor Co.*, 361 S.W.3d 628, 632 (Tex. 2012) (quoting *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 837 (Tex. App.— Houston [1st Dist] 1999, no pet.)).

Tyson argues that even if Walkup was told that failure to sign the waiver would result in return to work at full duty in forty-five to sixty days, his duress claim still fails since Walkup presents no evidence that the threatened action was imminent.[2]  The Court agrees.  Walkup cannot satisfy the imminent restraint element of duress, as he asserts he would have forty-five to sixty days after refusing to sign the waiver before any implied negative employment action would apply. Absent any evidence of imminence, Walkup's duress argument fails.  *See, e.g., Lopez*, 2011 WL 1259253, at *8-9 (holding there was no imminence where employer threatened employee with job loss or lack of vacation if employee did not sign release, because employee could not establish that threat was imminent); *cf. In re RLS Legal Solutions, L.L.C.*, 156 S.W.3d 160, 165 (Tex. App. 2005, no pet.) (denying petition for writ of mandamus seeking to compel arbitration based on finding of imminent restraint where plaintiff-employee was told she would not be given her paycheck for past work at end of week unless she signed arbitration agreement), *conditional mandamus writ issued on other grounds*, 221 S.W.3d 629 (Tex. 2002).

---

[2]In his response brief, Walkup concedes that merely declaring that the employer will no longer pay medical benefits has not been found to state a claim for duress.  Pl. Resp. at 12 (and cases cited therein). Accordingly, the Court need not address these statements.

In sum, Walkup has failed to raise a genuine issue of material fact on the issue of whether he signed the Acceptance and Waiver voluntarily and with knowledge of its terms and consequences. The effect of the Acceptance and Waiver is to bar Walkup's tort claims in exchange for the benefits of Tyson's WISP Program.  Thus, Tyson's motion for summary judgment will be granted.

## IV.    Conclusion

Based on the foregoing, the Court **GRANTS** Tyson's motion for summary judgment and enters judgment as a matter of law in Tyson's favor.  Plaintiff Billy S. Walkup's claims are hereby **dismissed with prejudice**.  A final judgment will issue separately.

**SO ORDERED** this **26th day** of **September, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

11